UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ELIZABETH P. CHEN,

    Plaintiff,

v.

CREDITORS FINANCIAL GROUP, LLC,

    Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, ELIZABETH P. CHEN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.   Defendant, CREDITORS FINANCIAL GROUP, LLC, is a limited liability company. All of its members are citizens of the State of Colorado with its principal place of business at Suite 110, 3131 South Vaughn Way, Aurora, Colorado 80014.

5.   Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.   Defendant regularly collects or attempts to collect debts for other parties.

7.   Defendant is a "debt collector" as defined in the FDCPA.

8.   Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.   Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.  Defendant left the following message on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

July 8, 2010 – Pre-recorded Message
This is an attempt to collect a debt. Please call Creditors Financial Group at 1-877-298-2251 extension 3285 between the hours of 8 AM and 9 PM Eastern Standard Time. Again, please contact our office at 1-877-298-2251 extension 3285. Thank you.

July 13, 2010 – Pre-recorded Message

> This is an attempt to collect a debt. Please call Creditors Financial Group at 1-877-298-2251 extension 3285 between the hours of 8 AM and 9 PM Eastern Standard Time. Again, please contact our office at 1-877-298-2251 extension 3285. Thank you.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

14. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F.

3

Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

19. Plaintiff incorporates Paragraphs 1 through 16.

20. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

21.    Plaintiff incorporates Paragraphs 1 through 16.

22.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842

        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        donyarbrough@mindspring.com


By: <u>s/ Donald A. Yarbrough</u>
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658